**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4736**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ARTURO MORALES PENA,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:17-cr-00082-CCE-1)

Submitted:  April 17, 2018                         Decided:  April 19, 2018

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James B. Craven III, Durham, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arturo Morales Pena pled guilty, pursuant to a written plea agreement, to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2012). The district court sentenced Morales Pena to 180 months' imprisonment, a downward variance from his 235- to 240-month advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning the reasonableness of Morales Pena's sentence and whether he was denied effective assistance of counsel in the district court. Morales Pena filed a pro se supplemental brief alleging ineffective assistance of counsel. The Government declined to file a brief.

Turning first to Morales Pena's sentencing challenge, we review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. *Id.* If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. *Id.* at 328. We presume on appeal that a sentence within or below the properly calculated Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Such a presumption is rebutted only when the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006).

2

Morales Pena claims that his sentence is unreasonable because he was promised a term of no more than 10 years' imprisonment. We find this claim to be unsupported by the record. Morales Pena's plea agreement contained no such promise and he stated under oath at the plea hearing that his guilty plea was not based on promises outside of the plea agreement.[*] The district court correctly calculated Morales Pena's advisory Guidelines range, heard argument from counsel, provided Morales Pena an opportunity to allocute, and considered the § 3553(a) sentencing factors. We have reviewed the record and conclude that Morales Pena's below-Guidelines sentence is both procedurally and substantively reasonable.

Next, Morales Pena claims that trial counsel was ineffective for failing to tell him that he could face a two-level adjustment in offense level for his role in the offense, pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(c) (2016). He also asserts additional claims of ineffective assistance of counsel in his pro se supplement brief. Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not generally addressed on direct appeal. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the

---

[*] The district court fully complied with Fed. R. Crim. P. 11 in accepting Morales Pena's guilty plea.

record does not conclusively establish ineffective assistance of counsel, we conclude that Morales Pena's claims should be raised, if at all, in a § 2255 motion.

We therefore affirm the judgment of the district court. In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We deny counsel's motion to withdraw. This court requires that counsel inform Morales Pena, in writing, of the right to petition the Supreme Court of the United States for further review. If Morales Pena requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Morales Pena.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*